UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAULA ZELESNIK, | ) | CASE NO. 1:24-CV-1534 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| DONALD TRUMP, *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

### I. INTRODUCTION

*Pro se* Plaintiff Paula Zelesnik filed a fee-paid complaint in this case against multiple Defendants, including Donald Trump, Speaker of the United States House of Representatives Mike Johnson, and five individuals at "GE" (Bob Johnston, Michael Patton, Rich Jendrix, Bob Hobek, Bob Case, and Jim Dudley). (ECF No. 1, PageID #1). Plaintiff is a frequent frivolous filer in federal court. Prior meritless cases she has filed in this district were summarily dismissed, so she is now precluded from filing cases in this district without paying the full filing fee. *See, e.g., Zelesnik v. Ohio*, Case No. 1:18-CV-2471 (N.D. Ohio Nov. 2, 2018) (Polster, J.).

Like prior complaints she has filed in federal court, Plaintiff's handwritten complaint in this case is unclear and difficult to comprehend. In her complaint, she contends she was wrongly held responsible for the failure of the F136 part used in "the US F-35" military jet and that she has been trying unsuccessfully since 2001 "to get [her] name off the f136 aka Joint Strike Fighter." (ECF No. 1, PageID #3). Other than these general complaints, her complaint fails to set forth cogent factual allegations of misconduct as to each Defendant. She alleges no conduct whatsoever on the part of Donald Trump and Speaker Johnson. Her complaint also asserts no specific legal claim, or any legal ground, for her action. The relief she seeks is also incomprehensible. (*Id.* at

PageID #4). She states she wants "[her] name off [the] F110 which recently caused the death of Ukraine's top Air Force General on GE's F-16 vs. Russia" and "off GE's + Russia's combustor design 2005 Bob Johnston's + John Rice's WO2013009211A1 fuel cooled combustor cc Susan Shellenberger," and wants "the CF6 engine off Joe Biden's AF1 (@cvg @ Lunken) cc Mayor Aftab Pureval's recent settlement with GE re: property taxes." (*Id*.).

## II. STANDARD OF REVIEW

*Pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but the lenient treatment generally accorded *pro se* plaintiffs has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* litigants must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf or create claims for them. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Federal district courts, moreover, are courts of limited jurisdiction and may *sua sponte* dismiss any complaint for lack of subject matter jurisdiction when the court determines that the allegations of the complaint are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). *Sua sponte* dismissal of a fee-paid complaint is appropriate without affording the plaintiff an opportunity to amend where the plaintiff's claims "lack the legal plausibility necessary to invoke federal subject matter jurisdiction." *Id*. at 480.

## III. ANALYSIS

The Court finds that Plaintiff's complaint warrants *sua sponte* dismissal pursuant to *Apple v. Glenn*. The statements and assertions set forth in Plaintiff's pleading and her request for relief are so unclear, implausible, and devoid of merit that they fail to meet basic pleading requirements

or establish federal subject matter jurisdiction over any claim, against any Defendant, and her complaint falls within the realm of frivolousness. *See Apple*, 183 F.3d 477 (holding that plaintiff's claims against various government officials, alleging that officials violated his First Amendment right to petition government because they did not answer his many letters or take the action requested in those letters, were not arguably plausible and subject to dismissal for lack of subject matter jurisdiction).

### IV. CONCLUSION

Accordingly, this action is **DISMISSED** for lack of subject matter jurisdiction pursuant to the Court's authority established in *Apple v. Glenn*. The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: December 10, 2024

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**